

FILED
DEC 0 3 2018
Clerk, U.S. District and
Bankruptcy Courts

EDWARD THOMAS KENNEDY, )
)
    Plaintiff, )
)
v. )   Civil Action No. 18-2691 (UNA)
)
MARK A. KEARNEY, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

The plaintiff's claims purportedly arose "in an [sic] Memorandum and Order in cause of action/case 18-cv-4414-mak, filed October 17, 2018," Compl. ¶ 4, in the United States District Court for the Eastern District of Pennsylvania. Judge Kearney dismissed the case with prejudice, as the defendants, all federal judges, are immune from suit. *See Kennedy v. Leeson*, Civ. No. 5:18-cv-4414 (E.D. Pa. Oct. 17, 2018). The plaintiff sues Judge Kearney, the district's Chief Judge, Clerk of Court, other court staff, and the court itself, Compl. ¶¶ 4- 5, for various injuries for which the plaintiff demands monetary damages, *see id.* ¶¶ 47-48, among other relief.

Each judge enjoys absolute immunity from liability for damages for acts taken in his judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"). Without question, a judge's dismissal of a civil action is an action taken in his judicial capacity. *See Burger v. Gerber*, No. 01-5238, 2001 WL 1606283, at *1 (D.C. Cir. Nov. 20, 2001) (per curiam); *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014), *aff'd,* No. 14-5197, 2015 WL 1606933 (D.C. Cir. Feb. 23, 2015). Absent any showing by plaintiff that either judge's "actions [were] taken in the complete absence of all jurisdiction,"

*Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (citation omitted), defendants are "immune from damage suits for performance of tasks that are an integral part of the judicial process," *id.* at 1461 (citations omitted).

It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'" *Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) (quoting *Barr v. Matteo*, 360 U.S. 564 569 (1959)). Accordingly, the plaintiff's claims against the court employees fail. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460.

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint. An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 3, 2018

United States District Judge